**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Nadejda M Valkova** | |
| *Plaintiffs* | **COMPLAINT** |
| Vs, | |
| | *Jury Trial Demanded* |
| **Law Offices of Steven Cohen LLC** | |
| **Steven Cohen** | 1:21-cv-941 (LEK/ATB) |
| **Atlantic Credit & Finance Inc** | |
| **"John Does 1-5"** | |
| *Defendants* | |

Nadejda M Valkova, the plaintiff herein, by her attorneys, alleges and complains of the

defendants as follows:


NATURE OF THE ACTION

1.    This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*. against a debt collection law firm, its principal, and their client, a junk debt buyer.


2.    The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse."  15 USC 1692(e). Or as one court has put it, "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope." *Hamilton vs United Healthcare of LA, Inc.* 310 F3rd 385,392 ( 5th Cir 2002)

1

3.  Specifically, the defendants here sought to collect a debt that didn't exist and coercively collect that non-existent debt by attempting to garnish Valkova's wages.

## JURISDICTION AND VENUE

4.  This Court has federal question jurisdiction under 15 USC §1692k(d) and 28 USC §1331.

5.  Declaratory relief is available under 28 USC §§2201 and 2202.

6.  This Court has ancillary jurisdiction to determine any state law claim per 28 USC §1367.

7.  Venue is proper in this District per 28 USC §1391 as plaintiff lives in this district, defendants conduct business in this district and the transactions that gave rise to this action occurred, in substantial part, in this district.

## PARTIES

*Plaintiff*

8.  Nadejda M Valkova is an individual who has at all relevant times been a resident of Albany County, New York State.

9.      Ms. Valkova is a "consumer" as that term is defined at 15 USC §1692a (3).

10.     Ms. Valkova was sued in a consumer collection action titled '*Atlantic Credit & Finance Inc  vs Nadejda M Valkova"* (Index 10291075)  in the Supreme Court for Albany County (the "state court action") which resulted in a default judgment against Ms. Valkova on  10/24/2008.

*Defendants*

11.     Upon information and belief, at all relevant times. Defendant **Law Office of Steven Cohen, LLC ("Law Offices"):**

  a.  Is a professional service limited liability company organized and existing under the laws of New York State with a principal place of business in Scarsdale, Westchester County, New York;

  b.  Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

  c.  Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

3

    d.   Committed or perpetrated the acts complained of or did so in combination with one or the other defendants or ratified their actions.

12.    Upon information and belief, at all relevant times. Defendant **Steven Cohen ("Cohen")** is and has been:

    e.   A lawyer licensed to practice law in the State of New York and is a resident of Westchester County, New York.

    f.   A member, shareholder, director or manager of Law Offices;

    g.   Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    h.   Is otherwise a "debt collector" as that term is defined at 15 USC §1692a (6);

    i.   Committed or perpetrated the acts complained of or did so in combination with one or the other defendants or ratified their actions.

4

13. Upon information and belief, at all relevant times, Defendant **Atlantic Credit & Finance Inc ("Atlantic"):**

   a. Is a corporation organized and existing under the laws of Virginia authorized to do business in New York State, with a principal place of business in San Diego, California;

   b. Is a for-profit business, the principal purpose of which is the collection of any debts (including as a business purpose the buying and collecting of defaulted consumer debt), that uses the mail, telephone, and any other instrumentality of interstate commerce, and the courts of New York State to collect debts. Included as a course of its business is the hiring and use of other debt collectors like the other defendants to collect debt;

   c. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

   d. Committed or perpetrated the acts complained of or did so in combination with one or the other defendants or ratified their actions.

14. 14. Upon information and belief, at all relevant times, Defendant **John Does 1-5" ("Does")** and each of them**:**

   a. Is a for-profit business, the principal purpose of which is the collection of any debts (including as a business purpose the buying and collecting of defaulted consumer debt), that uses the mail, telephone, and any other

5

instrumentality of interstate commerce, and the courts of New York State to collect debts. Included as a course of its business is the hiring and use of other debt collectors like the other defendants to collect debt;

b. Is otherwise a "debt collector" as that term is defined at 15 USC §1692a(6);

c. Owns or has an interest in the alleged debt ( see below);

d. Committed or perpetrated the acts complained of or did so in combination with one or the other defendants or ratified their actions

**FACTUAL ALLEGATIONS**

15. Sometime before 10/24/2008 Atlantic sued  Nadejda M Valkova in the Supreme Court for Albany County ("state court action") (see paragraph 10 above) alleging Valkova had defaulted in payment on a credit card account which Atlantic claimed it had purchased. ("debt or "the debt").

16. Whether or not Ms. Valkova owed the debt, it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence it is a "debt" as that term is defined in the FDCPA at 15 USC §1692a (5).

17. At the time, Atlantic was represented by the law firm of Fabiano & Associates.

6

18. On 10/24/2008, Fabiano, on behalf of Atlantic, entered a default judgment against Ms. Valkova in the state court action in the Albany County Clerk's Office. ("judgment")

*Change in Attorneys*

19. On or before 06/29/2021, Atlantic changed attorneys from Fabiano & Associates PC to Kirschenbaum & Phillips PC.

20. Then, or before 06/29/2021, Atlantic changed attorneys from Kirschenbaum & Phillips to the Law Offices.

*The Income Execution*

21. On or about 06/29/2021, Atlantic (or one of the Does if Atlantic had sold or assigned the judgment) had Law Offices and Cohen attempt to collect the debt from Valkova by issuing an income execution to the Albany County Sheriff demanding Valkova to pay them 10% of his wages, or thereabouts.

22. A true copy of the income execution in the state court action the defendants issued against Ms Valkova (along with the Albany County Sheriff's cover letter to Valkova) is attached hereto as Exhibit 1. ("Execution")

23. The Execution was signed by Steven Cohen.

24.   Mr. Cohen, who is a member, shareholder, director or manager of Law Offices, signed the Execution in the regular course of his employment with Law Offices.

25.   The Execution states that there is a judgment in Atlantic's favor against Valkova and there is due and owing to Atlantic ( or one of the Does if another now owns it)   from Valkova the amount of $13,465.32 with interest from October 24, 2008.

26.   Factually, this statement is untrue.

   *Vacatur*

27.   Factually, on 06/01/2011, Atlantic and Valkova,  by stipulation signed by Valkova for herself and Fabiano & Associates PC for Atlantic, vacated the judgment in the state court action  ( " Stipulation")  This Stipulation  was entered in the Albany  County Clerk's Office on 06/01/2011 by Fabiano & Associates, PC,  who was Atlantic's counsel of record.

28.   A true copy of the Stipulation vacating the judgment is attached as Exhibit 2.

29.   In other words, there was no judgment against Ms. Valkova on which Atlantic ( or its succesors or assigns as the case may be) could collect on 06/29/2021.

8

30.    Defendants, and each of them, knew or should have known (or were in the better position to know) that there was no judgment against Ms. Valkova, but they issued the income execution anyway.

31.    Defendants, and each of them, failed to verify the validity or status of the debt before issuing the income execution.

32.    Upon receipt and reading of the Execution, on around 7/28/2021, the plaintiff, through her attorney, advised Law Offices and Cohen of the Stipulation and asked the defendants to withdraw the Execution.  Defendants received the request on 08/02/2021.

33.    However, the Execution remains live with the Albany County Sheriff to this date.

34.    Upon receipt and reading the Execution and the demand therein, plaintiff suffered fear, emotional distress, anxiety, anger, shame, frustration, confusion as to what plaintiff should or should not do, fearful that her property could be taken from her in such a careless and unlawful manner, causing stress and worry, loss of sleep, feeling of despair, restlessness, insecurity in her daily life, and humiliation, most of all she felt threatened and harassed all of which lasted from on or after 06/29/2021 to this time.

9

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act)*

35.   Plaintiff hereby restates, realleges and incorporates by reference all foregoing paragraphs.

36.   Defendants violated the FDCPA by sending out the Execution in its attempt to collect from Plaintiff on a debt that did not exist because this conduct:

   a.   Falsely misrepresents the character, amount or legal status of the debt in violation of 15 USC §1692e(2)(A);

   b.   Is an act to collect a debt that does not exist by use of a means that could not legally be used, in violation of 15 USC §1692e(5);

   c.   Falsely represents that a debt was owed when, in fact, it was not, in violation of 15 USC §1692e(10);

   d.   Falsely, unfairly and unconscionably seeks to collect an amount that Valkova did not owe, in violation of 15 USC §§1692f and 1692f(1)

37.   Upon information and belief, the defendants' conduct as set forth herein has been frequent, intentional and persistent.

38. The defendants' actions as alleged did not result from a bona fide error notwithstanding the maintenance of procedures or policies reasonably adapted to avoid any such error.

39. Plaintiff has been damaged thereby.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, plaintiff asks the Court for judgment:

a. declaring the actions of the Defendants in violation of the FDCPA;

b. awarding plaintiff actual damages as allowed by law as proven at trial;

c. awarding plaintiff statutory damages per 15 USC §1692k against each of the defendants;

d. awarding plaintiff costs and disbursements of this action, and reasonable attorney's fees (per 15 USC § 1692k), and

e. such other, further and different relief as the Court finds proper here.

DATED: August 19, 2021

s/ Anthony J Pietrafesa

**ANTHONY J PIETRAFESA ESQ (102368)**
*Attorney for the Plaintiff*

313 East Willow Street #202
Syracuse NY 13203
T:  518.218.0851   F: 518.514.1241
ajp@ajp1law.com

12